UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PETERS & MAY GMBH
                              Plaintiff,

                           08-CV-02200 (JSR) (MHD)

  - against -

                           **MOTION TO AMEND THE**
SOCIETE NATIONALE D'ENTREPRISE,    **VERIFIED COMPLAINT AND**
MR. KHOURY JOSEPH, AND                     **MAINTAIN THE MARITIME**
MR. SIMON ABI SALEH, D/B/A                    **ATTACHMENT**
AND/OR ABSAL
                              Defendants.
------------------------------------------------------------x

      Plaintiff, PETERS & MAY GMBH, by its attorneys, CONDON & FORSYTH, LLP pursuant to Rules 15(a) and 60 of the Federal Rules of Civil Procedure, hereby moves this Court to amend the Verified Complaint, a copy of which is attached to this motion as Exhibit "A," and to maintain the Maritime Attachment. Defendants have not served a responsive pleading or otherwise appeared in this action to date.

### GROUNDS FOR RELIEF

      Plaintiff makes this motion in order to correct an inadvertent error that solely named the Defendant as Mr. Khoury Joseph. The booking note and wire transactions at issue in the maritime writ of attachment also named "Joseph G. Khoury" as an alternate alias for the Defendant, Mr. Khoury Joseph. Plaintiff's counsel was also advised by the Garnishee bank HSBC that HSBC would be unable to retain an Electronic Funds Transfer attachment involving an alternate alias for the Defendant, Mr. Khoury Joseph. HSBC had attached electronic funds that appeared to belong to "Joseph Khoury." Subsequently, HSBC released said electronic funds because the Maritime Attachment had named "Mr. Khoury Joseph" as the Defendant, not "Joseph Khoury."

Accordingly, the current caption is not consistent with the Plaintiff's knowledge of the Defendant, Mr. Khoury Joseph's names and aliases. No party will be prejudiced by an amendment made at this time because no change is being made to the allegations in the body of the complaint.

## SUPPORTING PAPERS

This motion is based on the pleading and papers on file in this action, this motion, the attached Notice of Motion and Exhibit "A," and the Affidavit of Lili F. Beneda.

Dated:  New York, New York
          May 22, 2008

Respectfully submitted,

CONDON & FORSYTH LLP

By: _____
Lili F. Beneda (LB 1879)
7 Times Square, 18th Floor
New York, New York 10036
Telephone: (212) 894-6778
Facsimile:   (212) 597-6721

Attorneys for Plaintiff
Peters & May GmbH

cc:  (Via Mail, E-mail & Facsimile)

Jason Waguespack, Esq.
Michael J. Nicaud, Esq.
Galloway, Johnson, Tompkins, Burr & Smith
One Shell Square, 701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Attorneys for Plaintiff, Peters & May GmbH
Tel:  504-525-6802
Fax:  504-525-2456
E-mail:  jwaguespack@gjtbs.com & mnicaud@gjtbs.com

Societe Nationale D'Entreprises
Joseph G. Khoury
International Private Company
P.O. Box 11-8251
Beirut, Lebanon
Tel: 961-01-901100
Fax: 961-01-9022020

ABSAL
Mr. Simon Abi Saleh
Mdawar-Rue Al-Kouz
P.O. Box 175424
Beirut, Lebanon
Tel: 1-443536-446675
Fax: 1-445692-443876
Email: absaltr@hotmail.com

# EXHIBIT "A"

CONDON & FORSYTH, LLP
7 Times Square
New York, New York 10036
(212) 894-6778

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PETERS & MAY GMBH

                              Plaintiff,

    - against -

SOCIETE NATIONALE D'ENTREPRISE,
MR. KHOURY JOSEPH, A/K/A JOSEPH G.
KHOURY, AND
MR. SIMON ABI SALEH, D/B/A
AND/OR ABSAL

                              Defendants.
------------------------------------------------------------X

08-CV-02200 (JSR) (MHD)

**AMENDED VERIFIED
COMPLAINT
AND RULE B ATTACHMENT**

Plaintiff PETERS & MAY GMBH ("P&M"), by its attorneys, CONDON & FORSYTH, LLP, as and for its Amended Verified Complaint against Defendants SOCIETE NATIONALE D'ENTREPRISE, MR. KHOURY JOSEPH, A/K/A JOSEPH G. KHOURY, and MR. SIMON ABI SALEH, D/B/A AND/OR ABSAL alleges upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. Venue is proper under 28 U.S.C. § 1391 (d) because Defendants SOCIETE NATIONALE D'ENTREPRISE, MR. KHOURY JOSEPH, A/KA JOSEPH G. KHOURY, and MR. SIMON ABI SALEH, D/B/A AND/OR ABSAL are aliens.

3. Plaintiff, P&M, was and is now a corporation organized and existing under the laws of a foreign country, with its principal place of business located in Leer, Germany, who was and now is the disponent owner of the M/V PALESSA, a general merchant vessel operated by P&M in the carriage of goods for hire.

4. Upon information and belief, Defendant Societe Nationale D'Entreprise ("SNE") is a corporation organized and existing under the laws of a foreign country, with its principal place of business located in Beirut, Lebanon, and owned by defendant Mr. Khoury Joseph, a/k/a Joseph G. Khoury, an individual residing in Lebanon.

5. Upon information and belief, Defendant Mr. Simon Abi Saleh ("Saleh") is an individual residing in Beirut, Lebanon.

6. Upon information and belief, Defendant ABSAL is a corporation/sole proprietorship organized and existing under the laws of a foreign country, with its principal place of business located in Beirut, Lebanon.

### AS FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST DEFENDANTS

7. Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

8. SNE, through its agent Saleh, individually and/or d/b/a ABSAL, entered into a contract of carriage with P&M for the carriage of the M/T BRAKE, a tugboat, and one crane from Beirut, Lebanon to Muscat, Oman, which contract is memorialized by fixture recaps and a booking note entered into in Leer, Germany, on October 5, 2007. At all relevant times, SNE was the shipper/receiver/consignee of the cargo at issue.

9. At all material times, Saleh, individually, and/or d/b/a ABSAL, acted as shipbroker and general chartering agent for SNE and contracted with P&M for the carriage of the cargo aboard the PALESSA.

10.     Pursuant to the terms of the booking note, which terms are plead herein as if copied *in extenso*, the dimensions of the BRAKE were listed as follows:

> 1 (one) tugboat "BRAKE" WITH FOLL DIMS 3004 X 7.20 X ABT 3.03 M HEIGHT – 150 TS PCW-BUILDERS Mutreltteidwrh b.m./Cuxhaven 1954/ref Beirut B 4758. (*emphasis added*).

11.     When the PALESSA called at the Port of Beirut on November 9, 2007, the PALESSA began to load the BRAKE. As the BRAKE was hoisted by the cranes using four 35 metric ton shackles, it became apparent that the actual weight of the BRAKE far exceeded the declared weight of 150 metric tons. The PALESSA then lowered the BRAKE back into the water because it could not safely be loaded without risk to crew, longshoremen and cargo.

12.     The PALESSA received confirmation from the Defendants that they would undertake measures to make loading possible, and in the meantime, the PALESSA loaded the remaining cargo consisting of the crane and tugboats parts, anchors, etc.

13.     The next day, on November 10, 2007, the BRAKE came alongside the PALESSA with widened lifting holes so that larger 55 metric ton shackles could be used. As the cranes began to hoist the cargo, it was apparent that the crane pressure exceeded 225 metric tons, far in excess of the declared 150 metric tons. The Defendants again agreed to make necessary provisions, *i.e.*, widening the lifting points on the BRAKE so that larger shackles could be used. Because of the time involved in preparing the BRAKE for shipment, and in an effort to mitigate their loss, P&M directed the PALESSA to sail to Italy to take other cargo.

14.     On November 21, 2007, the PALESSA made its final port call to Beirut to load the BRAKE, because P&M advised that the necessary modifications to the BRAKE

3

had been made. Upon arrival, it became apparent to the captain of the PALESSA that, contrary to the agreement with Defendants, no improvements, strengtheners or changes at the lifting points had been made. Due to the Defendants' failure to properly prepare the BRAKE, specifically the strengthening of the lifting eyes, the BRAKE could not be safely loaded. The PALESSA then contacted the Defendants through their local agents to determine whether they still wished for the crane and remaining cargo to be discharged in Beirut.

15. On November 22, 2007, port authorities from Beirut served arrest papers on the vessel, requiring it to be detained for the next 12 hours so the cargo could be discharged. Several hours later, the remaining cargo was discharged and the vessel departed from Beirut.

16. Pursuant to the terms of the booking note, freight was calculated at $315,000.00 lump sum, with liner terms hook to hook. The demurrage and detention rate was calculated at $10,000.00 per day.

17. The bill of lading also contained the following relevant language in pertinent part:

> 11. **Freight and Charges**
> (a) Prepayable freight, whether actually paid or not, shall be considered as fully earned upon loading and non-refundable in any event. The Carrier's claim for any charges under this contract shall be considered definitely payable in like manner as soon as the charges have been incurred.
> Interest at 5 per cent., shall run from the date when freight and charges are due.
>
> * * *
>
> (e) The Carrier is entitled in case of incorrect declaration of contents, weights, measurements, or value of the goods to claim double the amount of freight which would have been due if such declaration had

4

>been correctly given. For the purpose of ascertaining the actual facts, the Carrier reserves the right to obtain from the Merchant the original invoice and to have the contents inspected, and the weight, measurement or value verified.

The Rider Clauses additionally provide in pertinent part:

>20. Freight will be payable within three banking days on signing/releasing bs'/l into carrier's nominated bank account and deemed earned pro rata as cargo is being loaded on board discount less and not returnable, ship and/or cargo lost or not lost.
>
>In case of cancellation of cargo owners can claim deadfreight without having to prove losses.
>
> * * *
>
>22. Any and all consequences arising out of charterers/shippers misdescription of cargo to be at charterers risk and expense "Charteres' [sic] guarantee weights and measurements of cargo as described in packinglists is exact, if cargo volume or cubic exceeds the weight or volume as per packlist extra freight to be paid prorate. For heavy lifts the weight to be marked on the colli and a certificate of weight to be provided."

18.     Due to the Defendants' breach of contract of carriage, P&M has suffered damages consisting of, but not limited to, loss of freight, deadfreight, demurrage and detention damages.

19.     Although P&M fulfilled all of its duties under the booking note and contract of carriage, pursuant to clause 11(e) of the booking note, Defendants owe P&M a total of $551,250.00 in liquidated damages which, despite amicable demand, Defendants refuse to pay or otherwise secure P&M's claim. This amount takes into consideration the advance freight payment made by Khoury Joseph, a/k/a Joseph G. Khoury, on behalf of SNE in the amount of $78,750.00.

20.     As a result of Defendants' breach of the parties' maritime contracts, P&M has suffered and will continue to suffer damages and liquidated damages in the sum of

$551,250.00, as best as can now be estimated, exclusive of interest, attorneys' fees and all other equitable relief this Court deems fit to provide.

21. According to the Rider Clause 27 of the booking note, disputes arising from the parties' agreement shall be referred to arbitration in London, with English law to apply.

22. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English law. As best as can now be estimated, P&M expects to recover the following amounts:

| | | |
|---|---|---:|
| A. | On the principal claim | $551,250.00 |
| B. | 2 years compounded interest at 5% per annum | $56,502.75 |
| C. | Arbitrator's fees and expenses | $165,375.00 |
| D. | Attorney's fees and expenses | $25,000.00 |
| | Total | **$798,127.75** |

## APPLICATION FOR ISSUANCE OF
## A RULE B ATTACHMENT

23. Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

24. With respect to all Defendants, this is a Complaint, *in personam*, with a prayer for process and maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims And Asset Forfeiture Actions of the Federal Rules of Civil Procedure, to which P&M is entitled.

25. After due investigation, the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules, and P&M has made a good faith effort to locate all Defendants in this District. Upon information and belief, however, Defendants Societe Nationale D'Entreprise, Mr. Khoury Joseph, a/k/a Joseph

G. Khoury, and Mr. Simon Abi Saleh individually, and/or d/b/a ABSAL, have or will have during the pendency of this action assets, comprising inter alia, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freight, sub-freights, charter hire and/or sub-charter hire, of belonging to, due or for the benefit of Defendants, or either of them ("assets"), including but not limited to assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, within this District and subject to the jurisdiction of this Court in the hands of garnishees, including but not limited to the Bank of New York Company, Inc., HSBC (USA), Bank of America, Wachovia, Deutsche Bank, Calyon, BNP Paribas, Citibank, American Express Bank, J.P. Morgan Chase Bank National Association, UBS AG, Barclay's Bank, Credit Suisse, Arab Banking Corp, and/or Standard Chartered Bank, which assets are due and owing to P&M.

26. P&M is not seeking this attachment for the purpose of injuring or harassing Defendants.

27. P&M will be prejudiced in its recovery against Defendants absent a process of attachment.

28. P&M seeks an Order from this Court directing the Clerk of Court to issue a Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching *inter alia*, any assets of Societe Nationale D'Entreprise, Mr. Khoury Joseph, a/k/a Joseph G. Khoury, and Mr. Simon Abi Saleh individually, and/or d/b/a ABSAL, which may be found in this District, specifically those found and held by said garnishees, for the purposes of obtaining personal jurisdiction over

Societe Nationale D'Entreprise, Mr. Khoury Joseph, a/k/a Joseph G. Khoury, and Mr. Simon Abi Saleh individually, and/or d/b/a ABSAL, and/or to se cure its claim(s) in arbitration.

**WHEREFORE**, Plaintiff, Peters & May GmbH, prays:

A.    That due process according to the practice of this Court in admiralty jurisdiction be issued against the Defendants Societe Nationale D'Entreprise, Mr. Khoury Joseph, a/k/a Joseph G. Khoury, and Mr. Simon Abi Saleh individually, and/or d/b/a ABSAL, citing them to appear and answer under oath all matters alleged;

B.    That since Defendants cannot be found within this District, pursuant to Supplemental Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and as further requested in the attached Affidavit in Support of Prayer for Maritime Attachment, that this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment, attaching all tangible or intangible property in whatever form, including but not limited to cash, goods, chattels, credits, debts, wire transfers, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, bills of lading, effects, monies and debts, or any funds held by the aforementioned garnishees, including assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, including, but not limited to the Bank of New York Company, Inc., HSBC (USA), Bank of America, Wachovia, Deutsche Bank, Calyon, BNP Paribas, Citibank, American Express Bank, J.P. Morgan Chase Bank National Association, UBS AG, Barclay's Bank, Credit Suisse, Arab Banking Corp, and/or Standard Chartered Bank, which are believed to be due and owing to the Plaintiff in the

amount of US$798,127.75 to satisfy and/or secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B to answer the matters alleged in the Complaint;

That any person claiming an interest in the same, be cited to appear and, pursuant to Rule B, answer the matters alleged in this Complaint;

That this Court maintain jurisdiction over this matter through the entry of judgment or award, for any current claims, or those which may arise in the future, including any appeals; and

That judgment be granted in favor of Plaintiff and that this Court award any other equitable relief that this Court deems fit, including costs, interest and reasonable attorneys' fees.

Dated: New York, New York
       May 22, 2008

CONDON & FORSYTH LLP
*Attorneys for Plaintiff*

By: _____
Lili F. Beneda (LB 1879)
7 Times Square, 18th Floor
New York, New York 10036
Telephone: (212) 894-6778
Facsimile: (212) 597-6721

## **VERIFICATION**

Lili F. Beneda declares and states that she is an associate in the law firm of Condon & Forsyth, LLP, attorneys for plaintiff in this action, and that the foregoing Verified Complaint is true to the best of her information and belief; that the ground of her belief as to all matters not stated upon knowledge is information furnished to her to by Plaintiff and; that the reason why the Verification is not made by Plaintiff is that Plaintiff is a corporation none of whose officers or directors are present within the District.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2008

_____
Lili F. Beneda

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK       )

ELIZABETH TORRES, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Hopewell Junction, New York. That on the 22nd day of May, 2008, deponent served the within **MOTION TO AMEND THE VERIFIED COMPLAINT AND MAINTAIN THE MARITIME ATTACHMENT** upon:

| | |
|---|---|
| Jason Waguespack, Esq.<br>Michael J. Nicaud, Esq.<br>Galloway, Johnson, Tompkins, Burr & Smith<br>One Shell Square, 701 Poydras Street, 40th Floor<br>New Orleans, Louisiana 70139<br>*Attorneys for Plaintiff* | Societe Nationale D'Entreprises<br>Joseph G. Khoury<br>International Private Company<br>P.O. Box 11-8251<br>Beirut, Lebanon |

ABSAL
Mr. Simon Abi Saleh
Mdawar-Rue Al-Kouz
P.O. Box 175424
Beirut, Lebanon

at the addresses designated by said attorneys for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
ELIZABETH TORRES

Sworn to before me this
22nd of May, 2008

_____
Notary Public

MARY ANN ROONEY
NOTARY PUBLIC, State of New York
No. 31-4672706
Qualified in Queens County
Commission Expires May 31, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
PETERS & MAY GMBH

                            Plaintiff,

  - against -

SOCIETE NATIONALE D'ENTREPRISE,
MR. KHOURY JOSEPH, AND
MR. SIMON ABI SALEH, D/B/A
AND/OR ABSAL

                           Defendants.
-------------------------------------------------------------- X

08-CV-02200 (JSR) (MHD)

**PLAINTIFF'S NOTICE OF MOTION TO AMEND THE VERIFIED COMPLAINT AND MAINTAIN THE MARITIME <u>ATTACHMENT</u>**

      PLEASE TAKE NOTICE that, upon the accompanying Affidavit of Lili Fay Beneda dated May 21, 2008, Plaintiff Peters & May GmbH moves this Court, before the Honorable Jed S. Rakoff, United States District Judge, at a date and time to be set by the Court, at the United States Courthouse, 500 Pearl Street, New York, New York for an Order (1) granting Plaintiff's Motion to Amend the Verified Complaint and (2) maintaining the Maritime Attachment, and further relief as may be just and proper.

Dated: New York, New York
   May 22, 2008

                 Respectfully submitted,

                 CONDON & FORSYTH LLP

                By: _____
                 Lili F. Beneda (LB 1879)
                 7 Times Square, 18th Floor
                 New York, New York 10036
                 Telephone: (212) 894 -6778
                 Facsimile: (212) 597-6721

                 Attorneys for Plaintiff
                 Peters & May GmbH

cc: (Via Mail, E-mail & Facsimile)

Jason Waguespack, Esq.
Michael J. Nicaud, Esq.
Galloway, Johnson, Tompkins, Burr & Smith
One Shell Square, 701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Attorneys for Plaintiff, Peters & May GmbH
Tel: 504-525-6802
Fax: 504-525-2456
E-mail: jwaguespack@gjtbs.com & mnicaud@gjtbs.com

Societe Nationale D'Entreprises
Joseph G. Khoury
International Private Company
P.O. Box 11-8251
Beirut, Lebanon
Tel: 961-01-901100
Fax: 961-01-9022020

ABSAL
Mr. Simon Abi Saleh
Mdawar-Rue Al-Kouz
P.O. Box 175424
Beirut, Lebanon
Tel: 1-443536-446675
Fax: 1-445692-443876
Email: absaltr@hotmail.com

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                       )  ss:
COUNTY OF NEW YORK     )

ELIZABETH TORRES, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Hopewell Junction, New York. That on the 22nd day of May, 2008, deponent served the within **PLAINTIFF'S NOTICE OF MOTION TO AMEND THE VERIFIED COMPLAINT AND MAINTAIN THE MARITIME ATTACHMENT** upon:

| | |
|---|---|
| Jason Waguespack, Esq.<br>Michael J. Nicaud, Esq.<br>Galloway, Johnson, Tompkins, Burr & Smith<br>One Shell Square, 701 Poydras Street, 40th Floor<br>New Orleans, Louisiana 70139<br>*Attorneys for Plaintiff* | Societe Nationale D'Entreprises<br>Joseph G. Khoury<br>International Private Company<br>P.O. Box 11-8251<br>Beirut, Lebanon |

ABSAL
Mr. Simon Abi Saleh
Mdawar-Rue Al-Kouz
P.O. Box 175424
Beirut, Lebanon

at the addresses designated by said attorneys for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
ELIZABETH TORRES

Sworn to before me this
22nd of May, 2008

_____
Notary Public

MARY ANN ROONEY
NOTARY PUBLIC, State of New York
No. 31-4672706
Qualified in Queens County
Commission Expires May 31, 2010